## APRIL TERM, 1896.

### CASE 26—INDICTMENT—APRIL 15.

# Commonwealth v. Drain, et. al.

### APPEAL FROM GRAYSON CIRCUIT COURT.

1. PROTECTION TO FISH—SPECIAL LEGISLATION.—Section 1899 of the
   Kentucky Statutes providing for the protection of fish in this
   State, and the succeeding sections providing how the fines in
   such cases shall be disposed of, and giving exclusive jurisdiction
   thereof to the circuit courts is not "special legislation" within
   the meaning of the prohibitory clause of the Constitution.
2. INTERIOR COUNTY—JUDICIAL NOTICE.—The courts will take judi-
   cial notice of the fact that a county is an interior county, and
   can consequently have no stream within its limits "forming the
   boundary line between this and other States." And besides, it
   is doubtful, if the exception provided for in the statute is not
   merely a matter of defense.

W. S. TAYLOR FOR APPELLANT.

1. The law against seining applies to all persons and all counties alike,
   and is, therefore, not special legislation. (17 Ky. Law Rep., 277;
   Am. & Eng. Enc. of Law, vol. 8, p. 34; Hooker v. Cummings, 20
   Johns (N. Y.), 90.)

J. S. WORTHAM FOR APPELLEES.

1. The fish law of March 19, 1894, is unconstitutional and void:
   (a.) Because it is special legislation which is prohibited; and
   (b) Because it is vicious and dangerous legislation to offer to the
       informer or officer securing the apprehension and conviction, a
       portion of the fine.

JUDGE HAZELRIGG DELIVERED THE OPINION OF THE COURT.

The indictment charges the appellees   with unlawfully
catching fish by means of a seine in Rough Creek, a running
stream in Grayson county, and a demurrer having been
sustained thereto, the State has appealed.

Commonwealth v. Drain, et. al.

The provisions of the statute involved are as follows:

"Section 1899. That it shall be unlawful for any person or persons to catch or destroy fish in any of the running waters, lakes. or ponds, other than private ponds, of this State, by means of a seine, net, other than a dip-net, drag or trap, except streams forming the boundary line between this and other States. Any one thus offending shall, on conviction, be fined in a sum not less than $25 nor more than $50 for each offense, and cost of prosecution."

By succeeding sections sixty *per centum* of the fines imposed under this law is to be paid into the county treasury where the offense is committed, and forty *per centum* is to go to the civil officer securing the apprehension and conviction of the offender, and the circuit courts of the respective counties are given exclusive jurisdiction to indict and punish.

It is said that the ground on which the demurrer was sustained is that the provisions respecting the disposition of fines and conferring exclusive jurisdiction on circuit courts render the law obnoxious as special legislation, and this is expressly prohibited by the Constitution. That instrument does prohibit special legislation providing for the protection of game and fish, but manifestly this was to remedy the common evil then prevalent of having laws on this subject in force in some localities and not in others. We think the statute a general one, and in no sense special or local within the meaning of the prohibitory clause of the Constitution. No authority is cited for the position assumed by counsel, but it is argued that a law offering a reward for informers is an encouragement to the spy, etc. If this is true, it is a matter for the consideration of the legislative department alone. The courts can only construe

the statute, and can not judge of its wisdom.

It is further suggested that it is not alleged in the indictment that the stream in which the fish were caught was not one "forming the boundary line between this and other States." As Grayson is an interior county, however, a fact judicially known, it can not well have any stream within its limits forming such a boundary line; and, besides, it is quite doubtful if the exception be not a matter of defense merely.

The demurrer ought to have been overruled, and the judgment is reversed for proceedings consistent with this opinion.